Dear Mr. Austin:
You have requested an opinion of the Attorney General regarding the issue of fees collected by clerks of court in their capacity as jury commissioners. You specifically question the authority of clerks of court to retain said fees, personally, in light of several previous Attorney General opinions issued circa 1944-46.
This very issue was addressed by the Attorney General's Office in an opinion dated May 22, 1973, to the Honorable Perry M. "Buck" Johnson, Jr.
As noted by its author, prior to 1966, the clerk of court was merely an ex officio member of the jury commission, and, in that capacity, was not personally entitled to compensation for his services. Thus, jury commission functions constituted duties of the clerk's office for which his salary was deemed full compensation. However, in 1966 Section 4033 was amended simultaneously with the enactment of La. C.Cr.P. art. 404. Article 404 reads, in pertinent part:
 "In Orleans Parish the jury commission shall be appointed by the governor, and the commissioners shall serve at his pleasure. In other parishes, the jury commission shall consist of the clerk of court or a deputy clerk designated by him in writing to act in his stead in all matters affecting the jury commission, and four other persons appointed by written order of the district court, who shall serve at the court's pleasure."
As can be seen from the above language, the clerk's service on the jury commission is no longer required or described as an ex officio function of his office. It is now separate and apart from such functions. In other words, the clerk is, by law, a permanent member of the jury commission, but in all other respects he is no different from the appointed members. Therefore, the rationale for the prior opinions of this office relative to the clerk's inability to receive, privately, compensation as a commissioner no longer exists.
As can be seen from LSA-R.S. 13:3053, the latest legislative expression on the subject, all jury commissioners are entitled to recover compensation in the form of per diem and travel allowances. No exception or exemption exists with respect to clerks of court.
In view of the changes in the law as discussed herein, it is the opinion of this office that clerks of court, as permanent jury commissioners, are in the same position as appointed commissioners and are entitled to receive the same per diem and travel allowances provided for in LSA-R.S. 13:3053.
Should you have any additional questions on this matter, please do not hesitate to contact me.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/ROB3/bb 0192R
Enc.
cc: Ms. Donna Budenski La. Clerks of Court Assoc.